John K Rubiner, State Bar No. 155208
BARTON, KLUGMAN AND OETTING LLP
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071
Telephone:  (213) 621-4000
Facsimile:   (213) 617-1832
Email:   jrubiner@bkolaw.com

Attorneys for Trustee
ANNE HAWKINS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:18-mj-02881 |
|---|---|
| Plaintiff, | Hon. Rozella A. Oliver, Ctrm. 590 |
| v. | **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY SEIZURE WARRANT** |
| Any and All Funds in USAA Savings Bank Accounts #xxxxxx2155, #xxxxxx2058, #xxxxxx2171, and #xxxxxx1507, | |
| Defendants. | |

## I.   Introduction

In violation of the First Amendment, *Fort Wayne Books v. Indiana*[1] and its progeny, and the Fourth and Fifth Amendments, and with a factually and legally inaccurate and misleading affidavit in violation of *Franks v. Delaware,*[2] the government obtained twelve warrants from this Court, including one for trust accounts at USAA Savings Bank.  In response to ensuing challenges about the validity of the warrants, the government represented to this Court that the USAA warrant has not been executed, was expired, and is therefore moot.  *See* ECF Doc. No. 4 at 4-5.  That representation was false.  In truth, the government executed that

---

[1]   489 U.S. 46 (1989).

[2]   438 U.S. 154 (1978).

1  warrant, serving it on USAA Savings Bank to demand and obtain over $5.7 million
2  from four trust accounts there. The trusts are managed by Trustee Anne Hawkins
3  and were set up for the benefit of defendant James Larkin's children's education,
4  well-being, and security. The government continues to maintain possession of
5  those funds. Declaration of John K. Rubiner ("Rubiner Decl."), Exh. C.

6  The government's seizure and possession of these trust funds is unlawful.
7  The Court should vacate the warrant, order the funds immediately returned, and
8  further order that the government may not seize any of those funds absent an
9  appropriate noticed motion, an adversary hearing, and a subsequent order from this
10 Court.

11 **II.   Procedural and Factual Background**

12 Based upon the affidavit of Postal Inspector Lyndon A. Versoza, this Court
13 issued a warrant for any and all funds in four USAA Savings Bank accounts on
14 October 31, 2018. ECF Doc. No. 3. This warrant was one of twelve that the Court
15 issued that day based upon Inspector Versoza's affidavit.[3]

16 On November 20 & 21, 2018, various parties filed motions challenging seven
17 of those warrants – the only ones known at the time by the parties – on constitutional
18 grounds. On November 27, 2018, the government filed responses indicating it had
19 actually obtained twelve warrants from the Court, including the USAA warrant,
20 and stating as to all of them that "the Seizure Warrants have expired (more than 14
21 days having passed since their being issued), and the government does not now seek
22 (even if it could) to execute these Seizure Warrants." ECF Doc. No. 4 at 4. That
23 statement was false. Instead, the government used the illegal warrant it obtained
24 from this Court to seize over $5.7 million dollars from the trusts at USAA.

---

[3] The Court also issued warrants in 18-MJ-2872, 18-MJ-2873, 18-MJ-2874, 18-MJ-2875, 18-MJ-2876, 18-MJ-2877, 18-MJ-2878, 18-MJ-2879, 18-MJ-2880, 18-MJ-2882, and 18-MJ-2883 ("related litigation") on October 31, 2018 on the basis of Inspector Versoza's identical problematic affidavit.

1  On December 26, 2018, the government filed with the Clerk of Court the seizure warrant executed on USAA. ECF Doc. No. 5. Special Agent Quoc Thai certified that he executed the warrant on USAA Savings Bank on November 8, 2018, (*id.*), a full nineteen days prior to the government's untruthful statements to this Court that the warrant was expired and moot with no intent to serve. *See* ECF Doc. No. 4 at 4-5.

USAA received the warrant in the mail on Saturday, November 10, 2018. *See* Rubiner Decl., Exh. D (letter from USAA's counsel to Rubiner). On November 29, 2018, "due to service of an Amended Seizure Warrant issued in [18-MJ-2881] signed by the Honorable Rozella A. Oliver," USAA liquidated the accounts. *Id.* Consistent with its policy and understanding of the law, USAA "[did] not provide special notification to its customers when the government seizes funds, as the government by law must provide notice of the seizure." *Id.* But the government did not provide notice of the seizure, so the Trustee was unaware that the government had the funds. On November 29, 2018, the Trustee later learned that the funds were no longer in the accounts at USAA, made formal inquiry to USAA about the funds on December 6, 2018 but received no response, then hired counsel to investigate. Rubiner Decl., Exh. A (Letter from Anne Hawkins to USAA). Undersigned counsel wrote Assistant U.S. Attorney John J. Kucera on December 28, 2018 asking for information about the funds and received no reply. Rubiner Decl., Exh. B. Counsel wrote again to Kucera asking the government to address whether it had seized the funds. On January 4, 2019, for the first time, the government acknowledged that the funds had been seized from USAA. Rubiner Decl., Exh. C (Email from AUSA Kucera).[4] The Trustee was unable to address

---

[4] The Government cannot be trusted with what it has been saying to the Court. According to USAA, it did not respond to the Seizure Warrant until after it received it on November 10, 2018. However, in ECF Doc. 3, Special Agent Quoc Thai certified under penalty of perjury that he executed the warrant on USAA Savings Bank on November 8, 2018 and that he had received and inventoried the funds that day. However, that is logically impossible if USAA did not even receive the warrant until November 10, 2018. Even if Special Agent Quoc Thai

this issue sooner due to the government's failure to provide timely notice of the seizure. Meanwhile, the beneficiaries of the trust accounts attend school (private high school and private university). The government's continued illegal seizure of funds intended for the benefit of Mr. Larkin's children's education, well-being, and security impedes their ability to satisfy tuition bills and associated housing and living costs.

For the reasons set forth in Movants' motions filed with this Court on November 20, 2018,[5] December 6, 2018,[6] December 28, 2018,[7] and January 14, 2019[8] in the related litigation and the arguments advanced at the December 12, 2018 hearing before this Court on the related litigation, the government's seizure of the USAA funds is illegal and the funds should be returned.

### III.  This Court Should Vacate the Warrant

The governments' seizure here violates the First, Fourth, and Fifth Amendments, *Fort Wayne Books* and its progeny, and *Franks v. Delaware*, as more fully explained in other pleadings before this Court,[9] but summarized below.

---

delivered the warrant to Express Mail on November 8, his certification concerning the inventory cannot be right.

[5] *See, e.g.*, Application to Stay Execution of Seizure Warrants and Provide Notice to the Court of First Amendment and Franks Violations, *United States v. JP Morgan Chase Bank Funds . . .*, 18-MJ-2875 (C.D. Cal. Nov. 20, 2018) at Doc. No. 4.

[6] *See, e.g.*, Reply in support of Application to Stay Execution of Seizure Warrants and Provide Notice to the Court of First Amendment and Franks Violations, *United States v. JP Morgan Chase Bank Funds . . .*, 18-MJ-2875 (C.D. Cal. Dec. 6, 2018) at Doc. No. 14.

[7] *See, e.g.*, Response to Government's *Ex Parte* Application for Order Setting Briefing Schedule, *United States v. JP Morgan Chase Bank Funds . . .*, 18-MJ-2875 (C.D. Cal. Dec. 28, 2018) at Doc. No. 27.

[8] *See, e.g.*, Response to Government's Surreply to Motion Regarding Seizure of Attorney's Retainers, *United States v. JP Morgan Chase Bank Funds . . .*, 18-MJ-2875 (C.D. Cal. Dec. 28, 2018) at Doc. No. 27.

[9] *See* Attachments A and B of Doc. No. 4, Movants' Application to Stay Execution of Seizure Warrants and Provide Notice to the Court of First Amendment and Franks Violations, *United States v. JP Morgan Chase Bank Funds . . .*, 18-MJ-2875 (C.D. Cal. Nov. 20, 2018) (Attachment A (Motion to Vacate or Modify Seizure Warrants, *In re Funds in Republic Bank*, 18-CV-06742-RGK (Aug. 1, 2018 C.D. Cal.), Doc. 6) ("Motion to Vacate");

The First Amendment presumptively bars the government from seizing or encumbering the assets of financial proceeds of publishing activities prior to an adversarial hearing in which the government proves that the material at issue is unprotected.[10] Additionally, the First Amendment prohibits government action to seize proceeds derived from publishing activities under a forfeiture regime.[11] Further, when the government attempts a seizure of materials that are even arguably protected by the First Amendment,[12] the government must satisfy rigorous procedural requirements and a heightened standard of proof beyond probable cause. *See* Motion to Vacate at 13-20.  This is required because, when free speech issues are implicated, reviewing courts must use "procedural safeguards designed to obviate the dangers of a censorship system."  *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 559-560 (1975).[13]  The Ninth Circuit has held that it is not

---

Attachment B (Joint Reply re Emergency Motion to Stay Seizure of Attorneys' Fees, *United States v. Lacey, et al.*, 18-CR-00422-PHX-SPL (Nov. 15, 2018 D. Ariz.), Doc. 382)).

[10] *See, e.g.*, *Fort Wayne Books*, 489 U.S. at 63, 65, 66; *Adult Video Ass'n v. Barr*, 960 F.2d 781 (9th Cir. 1992), *readopted after rehearing*, *Adult Video Ass'n v. Reno*, 41 F.3d 503 (9th Cir. 1994) (holding that "[t]he First Amendment will not tolerate such seizures [pretrial forfeitures of constitutionally-protected materials] until the government's reasons for seizure weather the crucible of an adversary hearing"); *Center for Democracy & Tech. v. Pappert*, 337 F. Supp. 2d 606, 649-650, 657 (E.D. Pa. 2004) (even for materials that may be "completely banned," *Fort Wayne Books* requires that a court "make a final determination that the material is [unprotected by the First Amendment] after an adversary hearing"). *See also Citizen United v. FEC*, 558 U.S. 310, 336-37 (2010); *U.S. v. Nat'l Treasury Empl's Union*, 513 U.S. 454, 468-69 (1995); *U.S. v. Playboy Ent. Grp., Inc.*, 529 U.S. 803, 812 (2000).

[11] *See Simon & Schuster, Inc. v. Members of the New York State Crime Victims Bd.*, 502 U.S. 105, 115 (1991) (law authorizing forfeiture of proceeds is "presumptively inconsistent with the First Amendment").

[12] *See Backpage.com, LLC v. Cooper*, 939 F. Supp. 805, 816, 833-34 (D. Tenn. 2013) (ads on Backpage.com are protected speech under the First Amendment); *Backpage.com, LLC v. Hoffman*, 2013 WL 4502097, at *9-11 (D.N.J. 2013) (rejecting argument that escort ads on Backpage.com are unprotected speech).

[13] Such safeguards include placing "the burden of instituting judicial proceedings, and of proving that the material is unprotected . . . on the censor, limiting any restraint to 'a specified brief period' to preserve the status quo, and ensuring "a prompt final judicial determination."  *Id*. at 560.  For seizures of publishing assets, the burden of initiating judicial review and of proving that the material is unprotected expression is on the

enough for the government to show probable cause to support a pre-trial forfeiture of constitutionally-protected materials. *See Barr*, 960 F.2d at 781; *Fort Wayne Books*, 489 U.S. at 66 ("mere probable cause to believe a legal violation has transpired is not adequate to remove books or films from circulation"). However, here, the government is effecting a pre-trial seizure, without any notice or adversary hearing, based on nothing more than alleged probable cause premised entirely on the government's allegations that the targeted assets came from publishing activities.

The seizure of the USAA funds also violates the Fourth and Fifth Amendment. Even assuming that the government could seize publishing proceeds based on a showing of probable cause (which it cannot), the government's seizure application and the supporting affidavit of Inspector Versoza are rife with material misstatements and omissions.[14] For example, Versoza said nothing about the eleven prior rulings of courts holding that ads on Backpage.com were presumptively protected speech under the First Amendment, that government authorities may not justify actions by offering broad-brush opinions that all ads related to unlawful conduct, and that earning revenue from user payments for ads is a legal activity. *See* Motion to Vacate at 22-25. His affidavit also mischaracterized and selectively quoted from internal emails. *Id.* at 26-28; *see also id.* at 29-36 (further describing deficiencies of Versoza's affidavit). The problems with Versoza's affidavits had been raised with the government since at least August 1, 2018 when the original Motion to Vacate was filed and, yet, the government made no attempt to correct the inaccuracies or mention the prior challenges when it approached this Court. Accordingly, undersigned counsel

---

government, and requires final judicial determination on the merits. *Blount v. Rizzi*, 400 U.S. 410, 420-22 (1971).

[14] *See* Motion to Vacate, 18-CV-06742-RGK (Aug. 1, 2018 C.D. Cal.), Doc. 6, at 22-29).

respectfully requests a *Franks* hearing if the Court does not vacate the warrant outright.

Finally, the government's seizure here is over-inclusive and reaches assets that have nothing to do with Backpage.com.[15]  Notwithstanding the government's allegations, Backpage.com published classified ads in many different categories that are indisputably legal.  Where a website publishes millions of advertisements every year for a period of fourteen years, and where the government's criminal indictment[16] merely alleges that fewer than 100 advertisements (at an average cost of $5 each) over a handful of years were criminal, the government cannot justify a wholesale seizure of assets based on allegations that the website's former owners had some general level of awareness that some third-parties posted ads for prostitution.  Further, non-Backpage assets cannot be seized merely because they may have been comingled with Backpage assets.  *See* Motion to Vacate at 38-40.  With an indictment alleging at most $500 worth of illegal activity, the government here has not conducted an adequate tracing analysis to demonstrate that any of the over $5.7 million seized from USAA are traceable to or the product of tainted funds, much less all of the over $5.7 million.  Should the Court not vacate the warrant outright, undersigned counsel requests an adversarial hearing where the government must establish that the USAA funds have the requisite connection to the crimes of 18 U.S.C. §§ 1952, 1956, and 1957 (the bases for the government's seizure warrant).  *See, e.g.*, *Kaley v. United States*, 571 U.S. 320, 323-24 (2014) (describing the Court's requirements for pre-trial asset restraint as requiring "that the property at issue has the requisite connection to that crime").

\ \ \

\ \ \

---

[15]  *See* Motion to Vacate, 18-CV-06742-RGK (Aug. 1, 2018 C.D. Cal.), Doc. 6, at 36-40).

[16]   *See* Superseding Indictment, *United States v. Lacey, et al.*, 18-CR-00422-PHX-SPL (July 25, 2018 D. Ariz.), Doc. 230.

## IV. Conclusion

For all the foregoing reasons, as well as those previously brought before this Court, the trusts respectfully urge this Court to vacate the seizure warrant of the USAA trust accounts, order the funds returned to each trust, and order that the government cannot seize or encumber any of those assets absent a properly noticed adversarial hearing and a subsequent order of this Court.

As part of the previous and ongoing motions filed with this Court challenging the October 31, 2018 warrants issued by this Court, the trusts believes that this motion is properly before this Court and ready for decision. The government has already expressly filed an opposition specifically based on this warrant. ECF Doc. No. 4. The government's position and all arguments relating to the warrants have been set forth in the previously filed pleadings and previously held hearing.[17] Therefore, as part of the its consideration and ruling on the other pending seizure challenges, Movant submits that this Court should also rule on this matter, vacate the warrant, and order the funds returned. However, alternatively, should the Court desire additional briefing on the issues, undersigned counsel respectfully requests a prompt briefing schedule and/or a prompt hearing.

Respectfully submitted,

Dated: January 16, 2019

*s/ John K. Rubiner*
John K. Rubiner
Barton, Klugman and Oetting LLP
Attorneys for Anne Hawkins

---

[17] *Supra*, n. 4, 5, 6, 7, & 8; *see also* all docket entries in C.D. Cal. Nos. 18-MJ-2872, 18-MJ-2873, 18-MJ-2874, 18-MJ-2875, 18-MJ-2876, 18-MJ-2878, 18-MJ-2880, & 18-MJ-2883.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Avenue, Suite 2200, Los Angeles, California 90071-3485.

On January 16, 2019, I served the foregoing document(s) described as **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY SEIZURE WARRANT** on the interested party/ies in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Nicola T. Hanna, US Atty  
Lawrence S. Middleton, Asst US Atty  
Chief, Criminal Division  
Steve R. Welk  
Assistant US Atty  
Chief, Asset Forfeiture Section  
John J. Kucera, Asst US Atty  
Asset Forfeiture Section  
Federal Courthouse, 14th Floor  
312 No. Spring Street  
Los Angeles, CA  90012

Attorneys for Plaintiff  
United States of America  
Tel.:     213-894-3391  
Fax:     213-894-0142  
Email:   john.kucera@usdoj.gov

☒  BY CM/ECF:  The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

Executed on January 16, 2019, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*/s/ Michele E. Mason*  
MICHELE E. MASON