NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (California Bar No. 274184)
Assistant United States Attorney
Asset Forfeiture Section
  Federal Courthouse, 14th Floor
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-3391
  Facsimile: (213) 894-0142
  E-mail: John.Kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF:<br><br>ANY AND ALL FUNDS IN USAA SAVINGS BANK ACCOUNTS #0213582155, #0213582058, #0213582171. AND #0213581507 | No. 18-MJ-02881<br><br>**GOVERNMENT'S RESPONSE TO CLAIMANT'S MOTION TO VACATE SEIZURE WARRANTS** |

    Plaintiff United States of America (the "Government"), by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorney John J. Kucera, requests that this Court reject claimant's Motion to Vacate Seizure Warrants ("Claimant's Motion") because the relief the Motion seeks is invalid as a matter of law. In support of its response, the Government states as follows:

**I.   BACKGROUND**

    On March 28, 2018, April 9, 2018, April 26, 2018, and June 24, 2018, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and (b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), United States Magistrate Judges for the Central District of California Patrick

J. Walsh, John E. McDermott, Jean Rosenbluth, and Rozella A. Oliver issued similar but separate seizure warrants for certain assets in the matters detailed in the chart attached as Exhibit A.

On April 5, 2018, in the District of Arizona, pursuant to a plea agreement, defendants Backpage.com, LLC; Website Technologies, LLC; Posting Solutions, LLC; Amstel River Holdings, LLC; Ad Tech BV; and UGC Tech Group BV (collectively, the "Backpage Defendants"), plead guilty to an Information charging 18 U.S.C. § 1956(h) (money laundering conspiracy). (*See United States v. Backpage.com LLC, et al.*, 18-CR-00465-SPL, Dkt. 4). As part of the plea, the Backpage Defendants agreed to forfeit any asset involved in or "traceable to . . . the proceeds of the offense(s), or which was used to facilitate the commission of the offense(s)," to which they were pleading guilty. (*Id*. at Dkt. 8-1; Para. 8.b). The property Backpage Defendants agreed to forfeit included, but expressly was not limited to, a list of assets set forth in the plea agreement. (*Id*.) On May 16, 2018, pursuant to Rule 32.2(b), the District of Arizona Court entered a Preliminary Order of Forfeiture (*Id*. at Dkt. 22), which incorporated the list of forfeitable assets identified in the plea and expressly provided that the District Court for Arizona would "retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Criminal. P. 32.2(e)." (*Id*.).

On March 28, 2018, and on July 25, 2018, in the District of Arizona, the Government filed an indictment and a first superseding indictment, respectively, with a trial date presently set for January 15, 2020, *See United States v. Lacey, et al.*, CR-18-00422-SPL (the "criminal matter"). The indictment and first superseding indictment included forfeiture allegations that seek, among other things, all of the assets seized pursuant to seizure warrants issued in the Central District of California.

On August 1, 2018, James Larkin, John Brunst, Michael Lacey, and Scott Spear, all defendants in the criminal matter, filed "Motions to Vacate or Modify Seizure Warrants," and on August 10, 2018, Michael Lacey filed a "Motion for Return of Certain Untainted Funds" (collectively, "Defendants' Motions for Return of Funds," attached as

Exhibit B). Thereafter, on October 5, 9, 10, and 11, 2018, the Government filed a series of civil forfeiture complaints seeking to forfeit almost the exact same assets identified in the indictments. *See In the Matter of Seizure of: Any and All Funds Held In Republic Bank Of Arizona Accounts xxxx1889, et al.*, CV-18-6742-RGK-PJW (and related cases) (collectively, the "CDCA civil forfeiture actions").

Following the Government's filing of the CDCA civil forfeiture actions, on October 23, 2018, the Honorable R. Gary Klausner, District Judge for the Central District of California, declined to rule on Defendants' Motions for Return of Funds, and granted the Government's motion to stay the CDCA civil forfeiture actions pending the conclusion of the related criminal matter.[1] (*See Id.* Dkt. 85 ("Stay Order"), attached as Exhibit C.) In staying Defendants' Motions for Return of Funds (which were substantially similar to Claimant's Motion now at issue), Judge Klausner noted, "Determinations made by the [CDCA] Court on the pending motions could ultimately have preclusive effect on the criminal matter, which would prejudice the government." *Id.* at p.2.

On October 31, 2018, in Central District of California (the "CDCA Court"), this Court issued 12 seizure warrants for funds maintained in seventeen different bank accounts held by fifteen different law firms (collectively, the "Seizure Warrants"). Of these 12 seizure warrants, four of the seized accounts were the USAA Savings Bank accounts at issue here (the "Seized Assets").

The Government alleges that the assets identified in the Seizure Warrants are involved in or traceable to the assets that the Backpage Defendants agreed to forfeit as part of the plea agreement. The Seizure Warrants were issued upon the CDCA Court's probable cause finding that, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), the funds were property involved in or traceable to money laundering, or were proceeds of violations of 18 U.S.C. §§ 1952, 1956, and 1957 (interstate and foreign travel or

---

[1] Claimants have appealed the District Court's grant of the stay to the 9th Circuit, and Claimants' opening brief is due February 6, 2019.

transportation in aid of racketeering enterprises, and money laundering offenses, respectively).

On January 16, 2019, Claimant filed Claimant's Motion (at issue now), but styled it as a "Motion to Vacate Seizure Warrants." However, the Government executed the Seizure Warrants over two months prior to Claimant's Motion, and the seized assets have since been in the custody of the United States pending anticipated litigation over forfeitability. Once property is in the custody of the United States, the appropriate remedy to seek the return of such property is a "Motion to Return Property" pursuant to Federal Rule of Criminal Procedure 41(g). *See* Fed. R. Crim. P. 41(g).

Now, the Government files this "response" pursuant to the 60-day period prescribed by Rule 41(g). As such, this "response" is well within the statutory period permitted under the Federal Rules of Civil Procedure. By this "response," the Government requests that the Court dismiss Claimant's Motion for failure to comply with the Federal Rules. Additionally, the Government intends to file a civil complaint seeking forfeiture of the Seized Assets, and, should the Court decline to dismiss Claimant's Motion, the Government requests that the Court stay Claimant's Motion until the Government has had an opportunity to file civil forfeiture complaints prior to the expiration of the Government's 60-day response deadline.

**II.    ARGUMENT**

A. <u>Claimant's Motion Constitutes a Rule 41(g) Motion, and the Federal Rules of Civil Procedure Apply</u>

In the absence of a criminal proceeding that is pending at the time of filing of a Petition or Motion for Return of Property based on Rule 41(g) of the Federal Rules of Criminal Procedure, the Court is required to treat such a petition or motion as a civil complaint. *United States v. Ritchie*, 342 F.3d 903, 906-07 (9th Cir. 2003) (*citing United*

*States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987)).[2]  Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved ... by the deprivation of property may move for the property's return ... ."  Fed. R. Crim. Proc. 41(g).[3]  Because Claimant's Motion constitutes a Rule 41(g) motion, the Federal Rules of Civil Procedure "apply to each stage of the proceedings." *United States v. Ibrahim*, 522 F.3d 1003, 1008 (9th Cir. 2008).  When the United States is a defendant in a civil action, service must be effected in accordance with the requirements set out in Rule 4 of the Federal Rules of Civil Procedure.  *Cromwell v. United States*, 2013 WL 323261 at *2 (N.D. Cal. Jan. 28, 2013)(motion for return of property must be served on the government)(*citing Ibrahim*); *accord In Re Seizure of $958,921 Worth of LED Televisions*, 2013 WL 3490743 at *1 (C.D. Cal. May 30, 2013).

Rule 4(i) of the Federal Rules of Civil Procedure imposes specific service requirements where the United States is a defendant.  Specifically, a party must (A) "deliver a copy of the summons and of the complaint to the United States Attorney in the district where the action is brought" (or send a copy of the summons and complaint "**by registered or certified mail** to the civil process clerk at the United States Attorney's Office" (emphasis added)); and (B) send a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States in Washington, D.C."  Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii).  "Neither actual notice nor substantial compliance is sufficient" to satisfy the requirements of Rule 4.  *McMasters v. United*

---

[2] Because the Petition for Return is treated as a complaint, the government is filing a response thereto by way of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

[3] "The 2002 amendments redesignated the subsection on motions for return of property from Rule 41(e) to Rule 41(g) without substantive change to the Rule, and courts have applied case law concerning former Rule 41(e) to the current Rule 41(g)." Wright, King, Klein & Welling, Motion to Return Property, 3A Fed. Prac. & Proc. Crim., 3d § 673 n.32 (4th ed.); *see also United States v. Gotti*, 244 F. Supp. 2d 120, 122-24 (E.D.N.Y. 2003); *De Almeida v. United States*, 459 F.3d 377, 308 n.2 (2d Cir. 2006).

1 *States*, 260 F.3d 814, 817 (7th Cir. 2001)(citation omitted).[4]

2 Under Rule 4(i)(1)(A)(i), service on the United States requires that a party "deliver a copy of the summons and of the complaint to the United States Attorney in the district where the action is brought-or to an Assistant United States Attorney or clerical employee whom the United States Attorney designates in a writing filed with the court clerk."

In this case, Claimant merely relied upon CM/ECF and non-registered, non-certified mail as notice to the government. (*See* Exhibit D, p. 3, attached). The requirements of Rule 4(i) are "more than a formality," *Plotzker v. Lamberth*, 2008 WL 4706255, at *12 (W.D. Va. Oct. 22, 2008), because they allow "the appropriate [Department of Justice] official[s]" to make decisions regarding how to respond to the complaint "in the early stages of litigation when often crucial tactical decisions need to be made," *Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987). *See McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) (citation omitted) ("Neither actual notice nor substantial compliance is sufficient" to satisfy the requirements of Rule 4). Although "dismissals due to technical noncompliance with Rule 4(i) may be excused . . . if there is justifiable excuse or good cause for the failure to serve properly" (*Cranford v. United States*, 359 F. Supp. 2d 981, 985 (E.D. Cal. 2005)(citation omitted)), a plaintiff's "failure . . . to provide an explanation" for noncompliant service is grounds for dismissal of the action. *Id.*; *see also Smith v. Rosotte*, 250 F. Supp. 2d 1266, 1269 (D. Or. 2003) (dismissing complaint for failure to demonstrate that the Attorney General of the United States was served); *accord Noret v. Department of Treasury*, 2012 WL 345920 at *4 (E.D. Cal Feb. 1, 2012).

---

[4] The requirements of Rule 4(i) are "more than a formality" (*Plotzker v. Lamberth*, 2008 WL 4706255 at *12 (W.D. Va. Oct. 22, 2008)) because they allow "the appropriate [Department of Justice] official[s]" to make decisions regarding how to respond to the complaint "in the early stages of litigation when often crucial tactical decisions need to be made." *Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987).

Rule 12(a)(1) provides that where the United States or one of its agencies is named as a defendant in a civil action, the Government's time to file a responsive pleading is 60 days after service. Just like any other civil defendant, the Government may opt to respond to the complaint by motion to dismiss under Rule 12. *See* Rule 12(b). By this response, the Government moves to dismiss the complaint pursuant to Rule 12(b)(5) for insufficient service of process. Where such a motion is filed, the plaintiff (here, Claimant) bears the burden of proving effective service. *Mitchell v. Theriault*, 516 F. Supp. 2d 450, 452 (M.D. Pa. 2007); *Beattie and Osborn LLP v. Patriot Scientific Corp.,* 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006). Here, Claimant made no effort to effect proper service, and dismissal of Claimant's Motion is therefore proper. *See, Russell v. Rook*, 893 F. Supp. 949, 951 (E.D. Wash. 1995) (where plaintiffs failed to demonstrate that they served their complaint on the United States in compliance with Rule 4(i)(1), "their complaint must be dismissed under Fed. R. Civ. P. 12(b)(5)"); *Smith v. Rosotte*, 250 F. Supp. 2d 1266, 1269 (D. Or. 2003) (dismissing complaint for failure to demonstrate that the Attorney General of the United States was served); *Noret v. Department of Treasury*, 2012 WL 345920, *4 (E.D. Cal. Feb. 1, 2012). However, if there "exists a reasonable prospect that service may yet be obtained," a district court can exercise its broad discretion to "quash service, leaving the plaintiffs free to effect proper service," rather than dismiss the complaint. *Mitchell*, 516 F. Supp. 2d at 457 (internal quotation marks and citation omitted).

The Government respectfully requests that Claimant's Motion be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) on the ground that Claimant failed to effect proper service of process under Federal Rule of Civil Procedure 4(i)(1). Alternatively, the Government requests that the Court require Claimant to effect proper service.

B. <u>Even If Claimant's Motion Had Been Properly Served, the Government Is Allowed 60 Days to Respond</u>

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, the Government

has 60 days from the date of Claimant's Motion to respond.  *See United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003) (holding that the district court properly treated the government's opposition to a Rule 41(g) motion as the equivalent of a 12(b)(6) motion to dismiss)); *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (same).  In *Vega v. United States*, No. 00-8920, 2001 WL 823874, at *1 (S.D.N.Y. July 20, 2001), the court held that "because petitioner's filing must be construed as a complaint, the Court construes the Government's Letter [a response] as a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6)."  *Id.* at 1.  Here, Claimant's Motion was filed on January 16, 2019, therefore any Government response would be due no later than March 17, 2019.

C. <u>The Government Intends to File Civil Complaints Related to the Seized Assets and to Seek to Include the Seized Assets in the District of Arizona Criminal Forfeiture Action</u>

When a claimant seeks the return of property prior to the Government's initiation of a criminal or civil action regarding that property, a court can stay the motion for return of property for a period of time to allow the Government to initiate proceedings that will afford the claimant an adequate remedy at law.  *See In re F.B.I. Seizure of Cash and Other Property From Edwards*, 970 F. Supp. 577, 560 (E.D. La. 1997).  Once the Government files civil forfeiture complaints, a motion for return of the property subject to forfeiture is properly denied.  *In Re Return of Seized Prop. (Jordan)*, 625 F. Supp. 2d 949, 955 (C.D. Cal. 2009)(*citing United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988).  It is well settled that the Government can defeat a motion for return of property by commencing a forfeiture action after the motion is filed. *United States v. Abbas*, 2008 WL 1815796, *8 (C.D. Cal. 2008)(applying this holding within the context of administrative forfeiture); *United States v. Weselaar*, 2013 WL 8206582, *19 (D. Nev. Dec. 31, 2013)(applying this holding within the context of criminal forfeiture).

As it has with all the other previously seized assets related to Backpage, the Government intends to file civil complaints seeking to forfeit the Seized Assets.

Additionally, the Government intends to seek to include the Seized Assets in the criminal forfeiture proceedings pending in the District of Arizona. Should this Court decline to dismiss Claimant's Motion, the Government requests the Court to order that Claimant's Motion be properly served and to then stay Claimant's Motion in order to allow the Government to commence civil and criminal forfeiture proceedings.

### III. CONCLUSION

For the reasons set forth herein, Claimant's Motion is improper and should be denied, or, in the alternative, the Court should require Claimant to properly notice the Motion and thereafter stay proceedings on the Motion until the due date for the Government to respond in order to allow the Government to commence forfeiture proceedings.

Dated: February 6, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

　　/s/*John J. Kucera*
JOHN J. KUCERA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA